UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CURTIS VON BROWN,

    Petitioner,

v.                                  Case No. 22-C-1351

CHRISTOPHER BUESGEN,

    Respondent.

---

## ORDER FOR RESPONSE

---

On November 14, 2022, Petitioner Curtis Von Brown, who is currently incarcerated at Stanley Correctional Institution, filed a writ for habeas corpus pursuant to 28 U.S.C. § 2254 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state court remedies.

Brown was convicted on November 20, 2017, in Milwaukee County Circuit Court of one count of first-degree reckless homicide with use of a dangerous weapon and as a party to the crime and one count of felony possession of a firearm. He was sentenced to a total of 34 years of initial confinement and 14 years of extended supervision. Brown appealed his conviction to the

Wisconsin Court of Appeals, and the Wisconsin Court of Appeals affirmed his conviction on June 22, 2021. The Wisconsin Supreme Court denied Brown's petition for review on November 17, 2021.

Brown asserts three grounds for relief in his petition. He claims that trial counsel was ineffective in failing to establish that certain eyewitness testimony was unreliable and to object to the use of a split-screen video at trial. Brown exhausted these claims at the state level. He also asserts two new, unexhausted ineffective assistance of appellate counsel claims. In particular, Brown claims that appellate counsel failed to assert on appeal that trial counsel failed to object to hearsay testimony and to impeach witnesses. Brown acknowledges that he has not exhausted his state court remedies with respect to all of his claims and has filed a motion for stay and abeyance. He asserts that the court should stay the case to allow him to exhaust his unexhausted claims in state court because the one-year statute of limitations period to file a § 2254 petition is soon to expire and he intends to file a postconviction motion with the Wisconsin state courts within the next 60 days.

It is well established that a district court may not adjudicate a habeas petition that contains both claims that have been exhausted and claims that have not been exhausted. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Although a district court may stay a habeas petition and hold it in abeyance while a petitioner exhausts state court remedies, a stay and abeyance "should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Supreme Court noted in *Rhines* that "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.*

2

Federal district courts may issue a stay when (1) the petitioner demonstrates good cause for failing to exhaust his claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3) the petitioner has not engaged in abusive litigation tactics or intentional delay. *Yeoman v. Pollard*, 875 F.3d 832, 837 (7th Cir. 2017) (citing *Rhines*, 544 U.S. at 277–28). The court will direct Respondent to file a response to Brown's motion for stay and abeyance.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as the Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, the Clerk of Court shall promptly serve Respondent by service of a copy of the petition and this order upon the State of Wisconsin Attorney General. Within 30 days of the date of this order, Respondent shall respond to Brown's motion for stay and abeyance. Brown will be allowed 30 days thereafter to file a reply.

Because Brown is not incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. Because Brown's filings will be electronically scanned and entered on the docket upon receipt by the Clerk, Brown need not mail to counsel for the respondent copies of documents sent to the court. However, Respondent will need to serve Brown with copies of Respondent's filings.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal

rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

**SO ORDERED** at Green Bay, Wisconsin this 16th day of November, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge